NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**YOLDAS ASKAN,**

*Plaintiff-Appellant*

**v.**

**FARO TECHNOLOGIES, INC.,**

*Defendant-Appellee*

---

2022-2117

---

Appeal from the United States District Court for the Middle District of Florida in No. 6:21-cv-01366-PGB-DCI, Judge Paul G. Byron.

---

Decided: June 21, 2023

---

YOLDAS ASKAN, Birmingham, United Kingdom, pro se.

ASHLEY BOLAND SUMMER, Nelson Mullins Riley & Scarborough LLP, New York, NY, for defendant-appellee. Also represented by JOHN BAUER; LLOYD GARRETT FARR, Atlanta, GA; NICOLETTE VILMOS, Orlando, FL.

---

Before CHEN, HUGHES, and CUNNINGHAM, *Circuit Judges.*

CHEN, *Circuit Judge.*

Yoldas Askan appeals an order by the United States District Court for the Middle District of Florida that dismissed his patent-infringement complaint against FARO Technologies, Inc. (FARO) on two independent grounds: (1) as a sanction for failing to comply with a court order, and (2) as precluded under the *Kessler* doctrine[1]. *Askan v. FARO Techs. Inc.*, Case No. 6:21-cv-1366, 2022 WL 12058559, at *1, 4 (M.D. Fla. July 8, 2022) (*Order*). Because the district court did not abuse its discretion in sanctioning Mr. Askan and correctly applied the *Kessler* doctrine, we *affirm*.

## BACKGROUND

We previously considered a dismissal with prejudice in a prior litigation between Mr. Askan and FARO because of Mr. Askan's behavior during discovery. *Askan v. FARO Techs., Inc.*, 809 F. App'x 880, 883–84 (Fed. Cir. 2020) (per curiam) (*Askan I*). There, Mr. Askan alleged that FARO's Focus 3D scanner product infringed claims of U.S. Patent Nos. 8,705,110 ('110 patent); 9,300,841 ('841 patent); and 10,032,255 ('255 patent). *Id.* In eight months, Mr. Askan was sanctioned twice and failed to respond to an order to show cause, timely file a case management report, appear for a hearing, comply with a court order compelling discovery, and respond to three separate motions by FARO. *Id.* According to the district court, "dismissal with prejudice was warranted" because Mr. Askan's "repeated violations establish[ed] a clear record of delay or willful contempt, far beyond mere negligence or confusion." *Id.* at 884 (cleaned up). The district court further found that Mr. Askan had "willfully, in bad faith, and in disregard of his responsibilities" failed to comply with its order requiring him to respond to FARO's requests for production (RFPs). Mr. Askan appealed, and we affirmed. *Id.* at 884–85.

---

[1]    This doctrine finds its origin in the Supreme Court's decision in *Kessler v. Eldred*, 206 U.S. 285 (1907).

In April 2021, Mr. Askan filed a new complaint in the United States District Court for the Eastern District of Pennsylvania, this time alleging that FARO's Focus 3D scanner product and SCENE software product infringed the same claims of the '841 and '255 patents that were at issue in *Askan I. Order*, 2022 WL 12058559, at \*1, 4. The district court transferred the case to the Middle District of Florida under 28 U.S.C. § 1404(a). *Id.* at \*1.

After the transfer, FARO served RFPs on Mr. Askan. *Id.* at \*2. The same day, Mr. Askan served RFPs that were "identical word by word" to FARO's RFPs. *Id.* Mr. Askan subsequently failed to produce any documents in response to FARO's RFPs, instead objecting to each RFP with the assertion that because Mr. Askan requested the same documents from FARO, any production by FARO satisfied Mr. Askan's duty to produce. *Id.* Finding Mr. Askan's responses deficient and his objections waived, the magistrate judge ordered Mr. Askan to respond to FARO's RFPs by May 25, 2022. *Id.* On May 27, 2022, Askan filed a motion for reconsideration that included the same arguments previously rejected by the magistrate judge and the same objections previously deemed waived. *Id.* Mr. Askan then filed a motion for enlargement of time to comply with the district court's order. *Id.* Before the district court ruled on the motion, however, Mr. Askan responded to FARO's RFPs by again requesting production of the same documents requested by FARO, again failing to produce any documents, and again asserting the same general objection to each RFP. *Id.*

FARO moved for Rule 37 sanctions, seeking dismissal with prejudice of Mr. Askan's complaint, and, separately, requested dismissal under the *Kessler* doctrine. *Id.* at \*1. The district court dismissed Mr. Askan's complaint with prejudice on both grounds. *Id.* at \*1 n.1, 7. First, as to the Rule 37 sanctions, the district court found that Mr. Askan's "willful disobedience of the Court's order compelling the production of discovery" was neither "excusable" nor "justified," that Mr. Askan "engaged in conduct delaying or

disrupting the litigation and hampering enforcement of a Court Order," and that "this conduct [was] part of a pattern tha[t] began in the prior litigation, resulted in dismissal and the imposition of attorney's fees in favor of [FARO], and which has failed to deter [Mr. Askan]." *Id.* Second, the district court held that the *Kessler* doctrine applies to a dismissal with prejudice and does not require that the issue of noninfringement or invalidity be "actually litigated." *Id.* at \*3–4 (citing *In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1376–77, 1379 (Fed. Cir. 2020)).

## DISCUSSION

On appeal, Mr. Askan challenges both the district court's dismissal under Rule 37 and dismissal under the *Kessler* doctrine. We review these issues in turn.

### I.   Rule 37 Dismissal

We apply regional circuit law when reviewing a district court's sanction decision. *United Constr. Prod., Inc. v. Tile Tech, Inc.*, 843 F.3d 1363, 1368 (Fed. Cir. 2016). The Eleventh Circuit's review of a sanction decision is "sharply limited to an abuse-of-discretion standard and a determination that the findings of the trial court are fully supported by the record." *Circuitronix, LLC v. Kinwong Elec. (Hong Kong) Co.*, 993 F.3d 1299, 1303 (11th Cir. 2021) (cleaned up).

Rule 37 authorizes a district court to "dismiss[] the action or proceeding in whole or in part" or "render[] a default judgment" against a party that disobeys a discovery order. Fed. R. Civ. P. 37(b)(2)(A). The Eleventh Circuit has found that Rule 37 sanctions are appropriate "only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders," such that "the party's conduct amounts to flagrant disregard and willful disobedience of discovery orders." *United States v. Real Prop. Located at Route 1*, 126 F.3d 1314, 1317 (11th Cir. 1997) (cleaned up).

The district court did not abuse its discretion in dismissing Mr. Askan's complaint due to his discovery

misconduct. Mr. Askan failed to produce any documents in response to FARO's RFPs and counter-served identical RFPs to FARO, claiming that this negated any need for him to produce documents. *Order*, 2022 WL 12058559, at *2. Despite the magistrate judge's warning that this response was deficient, Mr. Askan still did not comply with FARO's RFPs. *Id.* Mr. Askan, instead, filed a belated motion for reconsideration and resubmitted the same objections to the RFPs that the district court already found deficient. *Id.* Worse yet, these discovery violations were a repeat from the prior litigation, and Mr. Askan thus had notice as to the potential consequence of noncompliance. *Id.* Mr. Askan's deficient response to FARO's initial discovery requests and his subsequent disregard of the magistrate judge's order to comply amounted to a "bad faith," "flagrant disregard and willful disobedience of discovery orders." *Real Prop. Located at Route 1*, 126 F.3d at 1317 (cleaned up).

Mr. Askan argues otherwise, contending that he served the identical RFPs on FARO to "get [FARO] to participate in the discovery process" after FARO allegedly ignored Mr. Askan's emails and communications informally requesting information from FARO. Appellant's Br. 39–40. Mr. Askan further asserts the documents that FARO sought corresponded to those from Mr. Askan's production in the prior litigation. *Id.* at 40.

Mr. Askan's arguments are unpersuasive. The evidence establishes that FARO complied with the court-ordered discovery process. Mr. Askan offers no support from the record indicating that FARO was required to comply with Mr. Askan's informal requests for documents and information. Nor does FARO's alleged noncompliance excuse Mr. Askan from producing materials in response to FARO's RFPs or from complying with the court's order. And Mr. Askan's production in the prior litigation does not excuse Mr. Askan from producing those documents in the current litigation. Indeed, even if FARO may have possessed documents that Mr. Askan produced in the prior

litigation, the district court in the prior litigation held that production to be deficient. Suppl. App. 3385 (*Askan v. FARO Techs, Inc.*, No. 6:18-cv-1122, (M.D. Fla. Dec. 21, 2018), ECF No. 93).

In view of Mr. Askan's discovery violations in the current litigation, the district court did not abuse its discretion by dismissing Mr. Askan's complaint under Rule 37.

## II. *Kessler* Doctrine

We also agree with the district court that the dismissal with prejudice in the prior litigation precluded Mr. Askan's infringement claims in the current litigation and thus affirm the district court's grant of summary judgment in favor of FARO. *See Order*, 2022 WL 12058559, at \*2, 5. We review the grant of summary judgment under the law of the regional circuit in which the district court sits. *Classen Immunotherapies, Inc. v. Elan Pharm., Inc.*, 786 F.3d 892, 896 (Fed. Cir. 2015). In the Eleventh Circuit, such review is de novo. *Ellis v. England*, 432 F.3d 1321, 1325 (11th Cir. 2005). In assessing whether summary judgment is proper, we "view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995) (citation omitted).

We apply the law of the regional circuit to general principles of claim preclusion but apply Federal Circuit law to determine whether two causes of action for patent infringement are the same in the context of preclusion. *In re PersonalWeb*, 961 F.3d at 1374. Two patent actions are considered the same if the accused devices in the first action and the accused devices in the second action are "essentially the same." *Id.* at 1375; *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 479–80 (Fed. Cir. 1991). We consider the *Kessler* doctrine to be "a close relative to claim preclusion" but without the temporal limitation that prevents claim preclusion from being "appl[ied] to acts of alleged infringement that occur after the final judgment in the earlier suit." *In re PersonalWeb*, 961 F.3d at 1376–77.

Under the *Kessler* doctrine, "an adjudged non-infringer" can "avoid repeated harassment for continuing its business as usual post-final judgment in a patent action where circumstances justify that result." *Id.* at 1376. The *Kessler* doctrine then "grant[s] a 'limited trade right' that attaches to the product itself." *Id.* at 1378 (quoting *Speed-Track, Inc. v. Office Depot, Inc.*, 791 F.3d 1317, 1323 (Fed. Cir. 2015)). This status also applies to accused products that are "essentially the same" as the products at issue in the earlier patent action. *See Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1057–58 (Fed. Cir. 2014).

We agree with the district court that (1) the dismissal with prejudice of Mr. Askan's prior complaint has a preclusive effect under the *Kessler* doctrine and (2) Mr. Askan failed to raise a genuine issue of material fact that the products in the prior litigation and the current litigation were not essentially the same.

First, the with-prejudice dismissal in the prior litigation operates as an adjudication of non-liability for infringement under the *Kessler* doctrine. Mr. Askan argues otherwise, contending that the *Kessler* doctrine does not apply because the dismissal with prejudice in the prior litigation did not reach the issue of infringement. *See* Appellant's Br. 27–29. We expressly rejected this argument in *In re PersonalWeb¸* instead holding that the with-prejudice "dismissal operated as an adjudication on the merits for claim preclusion purposes" and therefore "operated as an adjudication of non-liability for infringement for purposes of invoking the *Kessler* doctrine." *In re PersonalWeb*, 961 F.3d at 1376–79; *see Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1297 (Fed. Cir. 2001) (stating that "a dismissal with prejudice . . . is a judgment on the merits"); *accord Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir.1990) (holding that in the context of claim preclusion, "dismissal of a complaint with prejudice satisfies the requirement that there be a judgment on the merits."); *Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1470 (11th Cir. 1986) ("A dismissal with prejudice operates

as a judgment on the merits unless the court specifies otherwise.").  Here, we affirmed the district court's with-prejudice dismissal of Mr. Askan's prior litigation.  *Askan I*, 809 F. App'x at 885.  This dismissal, in the context of the *Kessler* doctrine, operated as an adjudication of non-liability for infringement.

Mr. Askan nevertheless argues that his involuntary dismissal should not have the same preclusive effect as the stipulated dismissal at issue in *In re PersonalWeb*.  *See* Appellant's Br. 31–34; Appellant's Reply Br. 24–25, 28.  The stipulation in *In re PersonalWeb*, however, has no bearing on whether the prior, involuntary dismissal of Mr. Askan's complaint is covered under the *Kessler* doctrine.  In *In re PersonalWeb*, we determined that the stipulation had no contingencies, and thus held that the "stipulated dismissal with prejudice . . . operated as an adjudication on the merits for claim preclusion purposes."  961 F.3d at 1379 (citing *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 719 F.3d 1367, 1372–73 (Fed. Cir. 2013)).  Like the dismissal in *In re PersonalWeb*, the district court's prior dismissal of Mr. Askan's complaint did not carry any contingencies.  Thus, this dismissal with prejudice was an adjudication on the merits for claim preclusion purposes, and the fact that it was involuntary is irrelevant to its preclusive effect.

Second, we agree that the record below does not establish a genuine dispute that the products in the first and second litigation are "essentially the same."  The district court relied on (1) testimony from FARO's technical witness explaining that the differences between the products at issue in the prior litigation and the current litigation were immaterial to the asserted patent claims, and (2) Mr. Askan's identical infringement contentions in both cases.  *Order*, 2022 WL 12058559, at *4–5; *see, e.g.*, *Huang v. Huawei Techs. Co.*, 787 F. App'x 723, 726 & n.1 (Fed. Cir. 2019) (per curiam) (explaining that identical infringement charts in prior and subsequent actions confirmed that the accused products were the same).  Mr. Askan did not dispute any of FARO's factual assertions

in the district court proceedings. *Order*, 2022 WL 12058559, at \*5. And now before us, Mr. Askan does not cite to any part of the record on appeal that undermines or otherwise casts doubt on the evidence supporting the district court's reasoning.[2] This unrebutted evidence of record shows that there is no genuine dispute that the products in the prior and current litigations are essentially the same.

Mr. Askan asserts that the district court failed to consider that the current litigation involves a new product, ostensibly suggesting that any preclusive effect of the prior litigation does not extend to the accused products in the current litigation. *See* Appellant's Br. 30–31, 38, 46–47; Appellant's Reply Br. 26–28. Mr. Askan did not raise this argument before the district court and, instead, only argued that the *Kessler* doctrine did not apply because there was no judgment of non-infringement in the prior litigation. *See Order*, 2022 WL 12058559, at \*5 (explaining that Mr. Askan "does not attempt to rebut [FARO]'s factual assertions and opts instead to stand on the argument that the *Kessler* doctrine does not apply because the 2018 case was not decided on the merits"); Suppl. App. 2191–209 (failing to challenge the products being essentially the same in both cases). Thus, Mr. Askan forfeited this argument. *In re Google Tech. Holdings LLC*, 980 F.3d 858, 862 (Fed. Cir. 2020).

To the extent Mr. Askan contends that the district court needed to order further discovery to determine

---

[2]   Mr. Askan, in a footnote, refers to a website that he never introduced into the record in the district court proceedings. Appellant's Br. 38 n.6. We do not consider this website to be part of the record on appeal. Fed. R. App. P. 10(a)(1) (stating the record on appeal contains "the original papers and exhibits filed in the district court"); *see also Biery v. United States*, 818 F.3d 704, 710 (Fed. Cir. 2016) ("In general, an appellate court's review is limited to the record presented at the court below.").

whether products are essentially the same, Mr. Askan forfeited this argument as well. Federal Rule of Civil Procedure 56(d) explains that a party opposing summary judgment may request the court to allow discovery if it "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d); *City of Miami Gardens v. Wells Fargo & Co.*, 956 F.3d 1319, 1324 (11th Cir. 2020) (stating that it is the nonmoving party's obligation to comply with Rule 56(d) and that a party that fails to comply with Rule 56(d) consents to adjudication of the issues on the existing record). Mr. Askan never made such a request under Rule 56(d), and any argument based on needing further discovery is forfeited.

In sum, Mr. Askan in the current litigation seeks to assert the same patent claims against essentially the same product at issue in the prior litigation.[3] We agree with the district court that the *Kessler* doctrine precludes him from doing so.

---

[3]    Mr. Askan argues that the district court erred in its characterization of the amended complaint as involving the '110 patent. Appellant's Br. 25. The '110 patent is not implicated in the present litigation, and thus whether the amended complaint included an allegation of infringement with respect to the '110 patent is not relevant to whether the *Kessler* doctrine precludes the infringement claims in the present litigation. *Compare* Suppl. App. 2685–87 (*Askan v. FARO Techs., Inc.*, No. 6:18-cv-01122 (M.D. Fla. June 21, 2018), ECF No. 1) (alleging infringement of the '110, '841, and '255 patents) *with* Suppl. App. 2917–22 (*Askan v. FARO Techs., Inc.*, No. 6:18-cv-01122 (M.D. Fla. June 21, 2018), ECF No. 59) (alleging infringement of the '841 and '255 patents).

## CONCLUSION

We have considered Mr. Askan's remaining arguments and find them unpersuasive.[4] We therefore *affirm* the district court's dismissal.

## **AFFIRMED**

### COSTS

Costs to FARO.

---

[4]    After initial briefing, Mr. Askan filed a Memorandum in Lieu of Oral Argument, ECF No. 44. FARO subsequently filed a Motion to Strike, ECF No. 47, to remove Mr. Askan's filing from the docket and replace that filing with a redacted version, and Mr. Askan filed a Response to the Motion, ECF No. 54. The portion of Mr. Askan's Memorandum that FARO seeks to redact refers to information that is outside of the record on appeal and that undermines the strong policy interest in keeping the contents of settlement negotiations confidential. *See* Fed. R. App. P. 10(a)(1) (stating the record on appeal contains "the original papers and exhibits filed in the district court"). In addition, Mr. Askan fails to establish how the information is material to the dispositive issues on appeal. We therefore grant FARO's Motion to Strike.